**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0285-24

DOMINICK RICCITELLI,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and SRS DISTRIBUTION, LLC,

     Respondents.

_____

Submitted November 13, 2025 – Decided December 11, 2025

Before Judges Berdote Byrne and Jablonski.

On appeal from the Board of Review, Department of Labor, Docket No. 296375.

Dominick Riccitelli, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Ryne A. Spengler, Deputy Attorney General, on the brief).

PER CURIAM

Claimant Dominick Riccitelli appeals the Board of Review's (the Board's) decision dismissing his appeal for lack of jurisdiction due to its late filing without a showing of good cause. We reverse the Board's decision and remand for consideration of the substantive merits of his appeal.

I.

Claimant worked full time with SRS Distribution, LLC (SRS) from 2015 to 2020. For reasons that are unclear on the record before us, claimant filed for unemployment benefits on April 5, 2020, and listed his last day of work as April 9, 2020. He thereafter began to receive weekly benefits of $713. He collected $1,497 between April 18, 2020, and May 16, 2020. He did not certify his eligibility for any subsequent weeks in 2020.

On December 28, 2020, SRS dismissed claimant from his employment. Rather than filing a new claim for unemployment benefits, he reopened his previous claim from April 2020. Consequently, weekly payments resumed where they left off in May 2020. This resulted in a potential overpayment of benefits. Claimant ultimately resumed full-time employment with another company in April 2021.

In a July 26, 2021 Notice of Determination (notice), the Department of Labor and Workforce Development (the Department) notified claimant that it

imposed a period of ineligibility for benefits from April 5, 2020 to December 26, 2020 because claimant was employed full time during this period. The Department also ordered repayment of $10,053.

The notice included instructions as to how to appeal the Department's determination:

> This is a request for a refund and repayment of unemployment benefits previously paid to you. If you disagree with this decision, you must file a written appeal within seven (7) calendar days after delivery or within ten (10) calendar days after the mailing of this notice. Your appeal must be received or postmarked within one of the appeal periods. If the last day allowed for the appeal occurs on a Saturday, Sunday or legal holiday, the appeal will be accepted on the next business day. The appeal period will be extended if good cause for the late filing is shown. Good cause exists in situations where it can be shown that the delay was due to circumstances beyond the control of the appellant which could not have been reasonably foreseen or prevented. Mail your appeal to: New Jersey Department of Labor and Workforce Development. Appeal Tribunal. PO Box 907, Trenton, NJ 08625-0907.

Despite the July notice date, claimant said he received the request for repayment on September 1, 2021.

Rather than filing an appeal according to the instructions, claimant sent "multiple emails" and made phone calls to the Department in an attempt to correct his record. He also contacted his state senator for assistance.

Claimant asserts the Department received his emails but did not respond. Although the parties only provide portions of claimant's emails to the state senator in the record, a review of them reveals that some outreach was made on claimant's behalf by the senator to the Department.

Claimant ultimately filed an appeal on June 6, 2023, and a hearing took place a month later before an appeals examiner. A review of the transcript of that proceeding reveals much of the discussion concerned the filing of the appeal, the timing of claimant's receipt of the notice, and subsequent action he took.

At the conclusion of the hearing, claimant broached the issue of "dates." In response, this exchange occurred:

> Claimant: Okay. Now, the whole reason that I was trying to get this resolved is because I noticed on when I first filed my first unemployment claim, which was on the 1/15/2021 I put – I just received my unemployment check, but it was- the date was in error.
>
> Examiner: Okay. So you did receive the benefits then, correct? You did receive unemployment benefits.
>
> Claimant: Yes, I did receive some unemployment benefits.
>
> Examiner: Because previously you stated- previously you did state you didn't receive anything.

4

Claimant: No, not [] for April to August, I said I did not, but for January.

Examiner: Yes. And then I rephrased my question, just asking [] whether you or not you ever received any benefits?

Claimant: Yeah. No, I received benefits from- that I was. But during the time that I was let go from my job, yes. Not when I was working, I didn't receive any benefits.

Examiner: Anything else[]?

Claimant: No, just like I said, just like the dates were wrong, and I emailed a few people from the state representative that I- I called them as well, like the Department of Labor, and they have [my] phone numbers and I tried to reach out to them, but nobody was in because I guess it was during the whole Covid thing. And I was just trying to get the dates resolved because I had a funny feeling this was going to come back and bite me in the butt because like current date was like, for instance, February of 2023 when I filed for unemployment, but it says date of claim was 4/5/2020, which didn't make no sense. Because I even have a confirmation of the certificate- certification received. It says current date of February 23, 2021. But it says date of claim is 4/5/2020, which made no sense when I was filing for unemployment.

In a written decision, the appeals examiner concluded the appeal was not filed within the statutory time period stemming from the original notice. Therefore, the Appeals Tribunal (Tribunal) lacked jurisdiction to hear the

matter.  Consequently, the examiner dismissed the appeal without considering its merits, writing:

> Herein, the claimant did not recall whether or not he received the Deputy's determination.  The onus is on the claimant to establish whether he filed a timely appeal or a late appeal with good cause.  As the claimant was unable to recall whether or not he received said determination, he was unable to demonstrate he filed a timely appeal or a later appeal with good cause.  Furthermore, the claimant received the Director's determination and filed a late appeal because he first contacted a senator to request help with his claim.  As there is no evidence that his ability to file a timely appeal was hindered, the claimant has not shown good cause for filing a late appeal.

Claimant administratively appealed and the Board affirmed the Tribunal's decision.  To support its conclusion, the Board cited the pertinent provision of the New Jersey Administrative Code that addresses late-filed appeals:

> A late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause.  Good cause exists in circumstances where it is shown that:
>
> 1.    The delay in filing the appeal was due to circumstances beyond the control of the appellant; or
>
> 2.    The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.

6

A-0285-24

[N.J.A.C. 12:20-3.1(i).]

Despite its decision to deny the application on procedural grounds, the Board made substantive comments about claimant's claim:

> We note that it appears that a decision on the merits would not have been of benefit to the claimant. It is clear to us that a claim was filed as of April 5, 2020 (the last day of work was listed as April 9, 2020) from which benefits were paid, contemporaneously through May 16, 2020. Then the claimant re-opened the claim in late December 2020 when he was laid off but failed to process it as an "additional claim" which would have set the correct reopening date; this resulted in the claimant certifying weeks attributed to an earlier period when he was not unemployed. Although apparently this was an unintentional error, the Appeal Tribunal's jurisdiction covered only whether or not benefits were paid as attributed to the periods listed on the determinations being appealed, which the claimant's testimony indicated they were, whether the claimant was working full time during that period, which his testimony indicated he was, and thus whether the claimant is liable to refund such benefits. The Appeal Tribunal and the Board of Review cannot take jurisdiction over payment of benefit weeks which fall outside of the dates covered by the agency determinations under appeal, thus the claimants only recourse with respect to identifying and potentially getting any heretofore uncredited correct weeks credited (thereby offsetting the refund debt) would always have been via direct contact with the [Department].

Claimant appealed.

## II.

Our review of an agency's decision is limited, and we generally defer to its decisions. See E. Bay Drywall, L.L.C. v. Dep't. of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022). Accordingly, we will only "disturb an agency's adjudicatory decision [] upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Sullivan v. Bd. of Rev., Dept. of Labor, 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980)). The burden of showing an agency's misapplication of that discretion is "on the challenger." Parsells v. Bd. of Educ. of Borough of Somerville, 472 N.J. Super. 369, 376 (App. Div. 2022) (citing Bueno v. Bd. of Trs., 422 N.J. Super. 227, 234 (App. Div. 2011)), aff'd as modified sub nom. Parsells v. Bd. of Educ. of Borough of Somerville, Somerset Cnty., 254 N.J. 152 (2023).

## A.

The first issue to be addressed is whether the appeal should have been accepted by the Tribunal. We conclude that it should have done so.

Claimant acknowledged receipt of the notice on September 1, 2021. Although it is undisputed he did not follow the instructions governing the

filing of an appeal, the record shows that he promptly attempted to resolve the issue directly upon recognizing what he believed was an administrative error in his initial filing. He immediately emailed the Department to explain his efforts to correct his submission. He reported challenges in contacting the Department by telephone, attributing these to COVID-19 related issues. In response to the notice, it appears that claimant followed the Department's recommended "direct contact" procedures as indicated in the decision denying his appeal. From the record, it also appears that the request for assistance he made to his state senator may have prompted some action, as the senator contacted the Department on claimant's behalf.

We conclude the Board's inadequate response to claimant's various attempts to contact it combined with claimant's efforts to resolve the problem directly, rather than immediately filing an appeal, contributed to his filing delay. Claimant's appeal should have been considered on its merits because the delay in filing was due to good cause; specifically, the late submission was caused by circumstances outside the claimant's control. N.J.A.C. 12:20-3.1(i).

B.

A second issue presented concerns whether claimant's substantive due process rights were infringed upon when he was ordered to return benefits to

which he might have been entitled to due to an administrative error. Because of the out-of-time filing, claimant's case was not considered by the appeals examiner on its merits. Additionally, in affirming the Tribunal's procedural disposition, the Board improperly reached substantive conclusions without the benefit of any testimony from claimant as to the circumstances of the original benefits filing. The Board's strict adherence to the procedural requirements governing appeals impaired claimant's substantive due process rights. See In re Kallen, 92 N.J. 14, 25 (1983) (citing Laba v. Bd. of Educ. of Newark, 23 N.J. 364, 382 (1957)). Claimant must "be given a real chance to present his [] side of the case before a government decision becomes final." Rivera v. Bd. of Rev., 127 N.J. 578, 583 (1992).

Because there is a strong preference for resolving cases on their merits rather than procedural grounds, claimant must be given a chance to explain the circumstances of his initial benefits claim to the examiner. See Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 356 (2001). Therefore, we vacate the Board's final agency decision and order. On remand, claimant should be permitted the opportunity to explain the inaccurate information included in his original unemployment application that he attributes to an administrative error that he immediately attempted to rectify.

10

We express no opinion as to the merits of claimant's substantive claim to unemployment benefits nor to the repayment of them.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division